IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE LUMPRISS | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| LINCOLN LIFE ASSURANCE | : | |
| COMPANY OF BOSTON | : | |
| -and- | : | |
| THE LINCOLN NATIONAL | : | |
| LIFE INSURANCE COMPANY | : | |
| | : | |
| *Defendants*. | : | |

**CIVIL ACTION COMPLAINT**

Now comes the Plaintiff, RENEE LUMPRISS, by and through her undersigned counsel, and complains against the Defendants, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, and states:

**I.     PARTIES**

1. The Plaintiff, Renee Lumpriss ("Lumpriss" or "Plaintiff"), age 51 (born on August 14, 1974), is a resident of Pennsylvania, and resides at 919 N Fair Street, Allentown, PA 18102.

2. Defendant, Lincoln Life Assurance Company of Boston ("Lincoln Boston" or "Defendant"), is a corporation with its principal place of business in Dover, New Hampshire, and was at all times relevant hereto doing business throughout the United States and within the Eastern District of Pennsylvania.

3. Defendant, The Lincoln National Life Insurance Company ("Lincoln National"), is an insurance company with its principal place of business in Fort Wayne, Indiana, and

administrative offices in Omaha, Nebraska, and was at all times relevant hereto doing business throughout the United States and within the Eastern District of Pennsylvania.

## II. JURISDICTION AND VENUE

4. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(e)(1) and 1132(f), which encompasses the subject Group Long-Term Disability Plan under which Plaintiff was covered.

5. The amount in controversy in this action is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred within the district and because the Defendants are subject to personal jurisdiction in this district.

7. Plaintiff has exhausted all administrative remedies pursuant to the Plan's policy documents.

## III. STATEMENT OF CLAIMS

8. This action is brought as a claim for long-term disability benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Lumpriss seeks payment of long-term disability benefits due under group policy of insurance number GF3-850-290765-01 ("the Policy"), issued by Lincoln Life Assurance Company of Boston for the benefit of employees of Walmart, Inc.

9. The Policy provides payment of monthly disability income benefits for participants that meet the definition of Disability.

10. Defendant, The Lincoln National Life Insurance Company ("Lincoln National"), is the claims fiduciary responsible for administering claims under the Policy.

11. At all times relevant hereto, the Policy constituted an "employee welfare benefit

plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)).

12. Incident to her employment with Walmart, Inc., Lumpriss received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

13. Immediately prior to ceasing work, Lumpriss was successfully employed as a Packer, Fashion for Walmart, Inc.

14. Since 2021, Lumpriss has been diagnosed and/or has suffered from multiple debilitating conditions, including coronary artery disease involving native coronary artery of native heart, systolic dysfunction, chronic back pain, generalized pain, multiple joint complaints, chronic bilateral low back pain with right-sided sciatica, spondyloarthritis, osteoarthritis, chronic pain syndrome, migraine headaches, post-COVID-19 syndrome, sacroiliitis, and bilateral hip arthritis. These conditions severely impact her ability to perform physical tasks, including standing, walking, and lifting.

15. Plaintiff also suffers from significant pain and limitations associated with degenerative joint disease, obstructive sleep apnea (OSA) requiring CPAP therapy, chronic migraines, right foot drop, and status post PCI of mid circumflex on July 13, 2021. These conditions collectively impair her mobility, endurance, and overall functional capacity.

16. Plaintiff experiences further complications, including anxiety, depression (recurrent), intractable migraine headaches, and acute bilateral low back pain, which further exacerbate her inability to perform occupational duties or any gainful employment.

17. Additional conditions, such as myofascial pain syndrome, and status post POBA to distal LAD in 2017, contribute to her chronic pain and limit her physical functionality.

18. Lumpriss's severe and chronic conditions result in significant limitations in her ability to walk, stand, reach, lift, or carry, thereby preventing her from performing the duties of

her occupation or any other gainful employment.

19. Lumpriss has undergone numerous medical interventions to address her chronic health conditions.

20. On July 13, 2021, she underwent a cardiac catheterization with angioplasty and placement of a Xience Sierra Rx drug-eluting stent in the mid-circumflex artery to treat 80% stenosis and improve coronary blood flow.

21. On October 16, 2023, she received bilateral intra-articular hip injections to address hip arthropathy, followed by sacroiliac joint injections on October 30, 2023, for sacroiliitis and lower back pain. Additional lumbar injections were administered at the L3/4 and L4/5 levels on May 20, 2024, and July 1, 2024, to alleviate persistent lumbar pain. In early 2025, Plaintiff also underwent chiropractic treatment at St. Luke's University Health Network, which provided no meaningful relief. Despite these interventions, her symptoms persist, severely limiting her ability to sit, stand, or walk for prolonged periods.

22. On April 1, 2024, Lumpriss visited the Emergency Department at St. Luke's Hospital - Sacred Heart Campus due to migraines and left-sided body pain. She was treated with medication, which temporarily improved her symptoms. Additionally, she underwent infusion therapy on December 5, 2023, at St. Luke's Hospital Allentown Infusion Center for further symptom management. These treatments highlight the ongoing nature of her impairments and her inability to engage in gainful employment.

23. Lumpriss's current medication regimen, as prescribed by her treating providers, includes atorvastatin 80 mg once daily for heart health, losartan once daily for high blood pressure, and low-dose aspirin once daily. For migraine management, she receives infusion therapy every three months and takes Ubrelvy once daily. She also uses lidocaine patches for

back and shoulder pain. Plaintiff has tried various other medications that did not provide meaningful relief. Despite these therapies, she continues to experience significant migraine and musculoskeletal pain causing functional limitation.

24. As a result of her ongoing symptoms, Plaintiff last worked at Walmart, Inc. as a Packer, Fashion on or about January 27, 2021.

25. Plaintiff received short-term disability benefits from February 15, 2021, through August 15, 2021, after which her claim transitioned to long-term disability benefits.

26. Despite her inability to work, Defendant denied Plaintiff's claim for long-term disability benefits beyond September 17, 2023. The denial was based on an alleged lack of medical evidence to support a functional impairment precluding Plaintiff from performing the duties of any gainful occupation.

27. Plaintiff promptly appealed the Defendant's decision to deny her long-term disability benefits.

28. In anticipation of appealing the denial of benefits, Plaintiff promptly requested an extension of the 180-day appeal deadline, which was granted by Defendant.

29. On January 25, 2024, Plaintiff filed an appeal of the Defendants' decision to deny her long-term disability benefits.

30. On May 21, 2024, Defendant notified Plaintiff that it would uphold the prior decision to deny long-term disability benefits.

31. On July 22, 2024, Plaintiff filed a secondary appeal of the Defendants' decision to deny her long-term disability benefits.

32. On August 27, 2024, Defendant notified Plaintiff that it would uphold the prior decision to deny long-term disability benefits.

33. Defendant denied Plaintiff long-term disability benefits despite the opinions of multiple medical professionals who assessed her condition.

34. Dr. Pavel Terreros, in a Physical Medical Source Statement dated May 14, 2024, reported that Plaintiff can sit, stand, and walk for less than 2 hours in an 8-hour workday, lift up to 10 pounds occasionally, and rarely lift up to 20 pounds. This assessment highlights Plaintiff's severe physical limitations, demonstrating that she is unable to perform the duties required in any occupation, supporting her claim for long-term disability benefits.

35. Dr. Kyle Weiss, who treated Plaintiff at St. Luke's Spine and Pain Associates, documented persistent functional limitations during multiple visits. On October 16, 2023, Dr. Weiss administered bilateral intra-articular hip injections to address hip arthropathy, and on October 30, 2023, he performed bilateral sacroiliac joint injections to treat sacroiliitis and lower back pain. Despite these efforts, Plaintiff reported no significant relief during a follow-up visit on February 9, 2024, where Dr. Weiss noted right lower extremity weakness and ordered an MRI. Additional lumbar injections at the L3/4 and L4/5 levels were administered by Dr. Weiss on May 20, 2024, and again on July 1, 2024, to alleviate persistent lumbar pain. During a visit on June 7, 2024, Dr. Weiss observed that Plaintiff required a cane for mobility due to an antalgic gait and noted ongoing lower back spasms radiating into her leg, worsened by walking and activity. On examination, she displayed full strength and no edema, but her complaints of pain persisted. Dr. Weiss prescribed a muscle relaxer and increased her dosage of Lyrica to manage her symptoms. These findings substantiate that Plaintiff's impairments severely restrict her functional capacity and prevent her from engaging in gainful employment.

36. Since September 18, 2023, Defendants have failed and refused to provide Plaintiff with the long-term disability benefits to which she is legally entitled, despite the fact

that Plaintiff remains disabled from working.

## COUNT I
## VIOLATION OF ERISA

37. Plaintiff hereby incorporates by reference all the foregoing paragraphs within the Complaint as though the same were fully set forth at length herein.

38. Plaintiff's current and anticipated disability has continuously and persistently prevented her from performing the material and substantial duties of any occupation.

39. Because of the aforesaid disability, Plaintiff has a right to benefits under Defendant's aforementioned long-term disability policy, and, to date, the Defendants have failed and refused to provide long-term disability benefits to Plaintiff beyond September 17, 2023.

40. By denying benefits under the aforementioned policy, the Defendants breached Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

41. As a result of the Defendants' aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, and requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against the Defendants;

B. Order the Defendants to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled, with interest;

C. Order the Defendants to continue paying Plaintiff long-term disability benefits in an amount equal to the contractual amount of benefits to which she is entitled, through the Policy's Maximum Benefit Period;

D.      Award Plaintiff attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

E.      Award Plaintiff any and all other contractual and/or equitable relief to which she may be entitled.

Respectfully submitted,

**Swartz Culleton Ferris Trial Lawyers**

By:   /s/ Larissa K. Staszkiw
Larissa K. Staszkiw, Esquire
Attorney ID No. 318362
547 E. Washington Ave.
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
lstaszkiw@swartzculleton.com

Attorney for Plaintiff

Date: February 12, 2026

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. <u>OTHER ACTIONS PENDING?</u>..............................YES ___ NO __X__
 A. If YES - Parties to other Pending Actions.

 B. In my opinion, the following parties should be
 joined in the within pending Cause of Action.

2. <u>OTHER ACTIONS CONTEMPLATED?</u>.......................YES____NO _X__
 A. If YES - Parties contemplated to be joined, in
 other Causes of Action.

3. <u>ARBITRATION PROCEEDINGS PENDING?</u>...................YES ___ NO __X_
 A. If YES - Parties to Arbitration Proceedings.

 B. In my opinion, the following parties should be
 joined in the pending Arbitration Proceedings.

4. <u>OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?</u>........YES ___ NO _X__
 A. If YES - Parties contemplated to be joined to
 Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

**Swartz Culleton Ferris Trial Lawyers**

Attorney for Plaintiff

by:   /s/ Larissa K. Staszkiw
      Larissa K. Staszkiw, Esquire

Dated: February 12, 2026